# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**MICHAEL D. SCHIPULL,**
                              **Petitioner,**

**-vs-**                                                    **Case No.  A-09-CA-477-SS**

**RICK THALER[1],**
                    **Respondent.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause,

specifically Petitioner Michael D. Schipull ("Schipull")'s Petition for a Writ of Habeas Corpus [#2]

the Report and Recommendation of the Magistrate Judge [#25], Schipull's Motion for Extension of

Time [#27], and Schipull's Motion for Injunctive Relief and Sanctions [#28].  For the reasons set

forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be

DISMISSED.

All matters in this case were referred to the Honorable Robert Pitman, United States

Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of

Appendix C of the Local Court Rules of the United States District Court for the Western District of

Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended,

effective December 1, 2002.  On August 17, 2009, the Magistrate Judge issued his report and

---

[1]The previous named respondent in this action was Nathaniel Quarterman.  On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

recommendation that Schipull's petition for writ of habeas corpus and motion for extension of time to file be dismissed as time-barred.

Schipull requested sixty days to respond to the report and recommendation. The sixty days expired on October 16, 2009. On September 15, 2009, Schipull filed a seemingly unrelated motion for injunctive relief and sanctions against the Texas Court of Criminal Appeals, the Clerk's Office of that court, the District Judge of Bastrop County, the District Attorney, and the Clerk of the 21st Judicial District Court. Because Schipull did not file objections to the report and recommendation, the Court is not required to review the file *de novo*. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Nonetheless, the Court has reviewed the case *de novo*, accounted for Schipull's motion for injunctive relief and, having reviewed the petition, the report and recommendation, the case file as a whole, and the applicable law, the Court ACCEPTS the Magistrate Judge's report and recommendation. The Court also dismisses Schipull's remaining motions as moot.

## Background

Schipull was found guilty by a jury of criminally negligent homicide for the shooting death of Michael Colon committed on August 10, 2002. *See* Application for Writ [#2] ex. D. Schipull was sentenced on September 3, 2003 to seven years incarceration. *Id.* There was no appeal of his conviction. *See id.* at 7. Schipull asserts he filed a state application for habeas corpus relief on December 16, 2004. In that state application Schipull asserts he requested permission to file an out-of-time appeal.

While his state application was pending, Schipull on January 19, 2006, filed a federal application for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas, Pecos Division. See *Schipull v. Dretke*, No. PE-06-CV-004-RAJ

(W.D. Tex.). Schipull raised three issues, challenging his conviction or sentence: (1) his offense level and punishment were increased based upon a judge found fact, the deadly weapon finding, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) his sentence should have been two years instead of seven years; and (3) he was denied access to the courts because his court appointed counsel did not file an appeal upon request. On October 25, 2007, Schipull's case was dismissed without prejudice for failure to exhaust available state court remedies, because his state application was still pending.

On February 6, 2008, Schipull's state application was denied by the Texas Court of Criminal Appeals without a written order on the findings of the trial court with a hearing. *Ex parte Schipull*, No. 48,087-06. Over a year later, on May 15, 2009, Schipull moved to reactivate his federal application, claiming he had exhausted his state court remedies. On June 16, 2009, the Pecos Court granted the motion, construed the habeas application as a § 2254 application, and transferred the application to this Court.

Upon the transfer of Schipull's case to this Court, the Court determined Schipull had never completed forms for filing a § 2254 application. Accordingly, this Court directed Schipull to complete and file a § 2254 form on or before July 24, 2009. Rather than comply with the Court's order, Petitioner filed a motion for extension of time. Petitioner informs the Court he has not received the state court's findings of fact and conclusions of law, which he claims are necessary to complete the § 2254 form. In addition, Petitioner asserts he intends to add eight claims to his federal application, which were raised during his hearing on his state application for habeas corpus relief, and additional claims he has not yet presented to the state courts.

## I.    The Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  Section (d) of the statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Thus, the AEDPA establishes a one-year limitation period for state prisoners to file federal habeas applications.  Pursuant to § 2244(d)(2), the period during which a "properly filed" state habeas application regarding the same conviction and sentence is pending does not count toward that one-year period.  *See id.*

### A.    Application to Schipull

The Court agrees with the Magistrate Judge that Schipull's conviction became final, at the latest, on December 2, 2003, at the conclusion of the time during which he could have appealed his conviction.  *See* TEX. R. APP. P. 26.2(a)(2).  Therefore, Schipull had until December 2, 2004 to

timely file a federal application for habeas corpus. Schipull did not file his application until January 17, 2006, after the limitations period had already expired. It should be noted Schipull's state application did not toll the limitations period because it was also filed after the state limitation period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Schipull argues he is entitled to equitable tolling because the state court was hostile. Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).

The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 297 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.

The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. America President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Court thus finds Schipull's circumstances are not "rare and exceptional" and do not warrant equitable tolling. In addition, the record reflects Schipull did not diligently pursue federal habeas corpus relief. Schipull waited over 19 months to file a motion to reactivate his previously dismissed federal application and has never completed the habeas forms required by the Court.

The record does not reflect that any unconstitutional state action impeded Schipull from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Schipull has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Thus Schipull's application for writ of habeas corpus is dismissed as time-barred and his motion for extension of time is denied because no extension can rectify his time-bar.

## II.    Petition Mooted by Release

Although the Court need not reach the issue, the Court notes in addition to being time-barred, Schipull's petition for habeas was likely mooted by his release from prison on August 11, 2009. *See* Pet. Mot. at 1 [#27]. In *Lane v. Williams*, the Supreme Court held habeas petitions challenging the imposition of a sentence or the length of a sentence, rather than the underlying conviction, were mooted by the completion of the sentence. 455 U.S. 624, 631 (1982). Schipull's original petition

specifically stated he was not attacking his conviction but only the imposition and length of the sentence.  Pet. at 1.  Thus, his release likely mooted his petition.

III.    **Schipull's Other Motions**

Schipull has also filed a motion for extension of time to respond and a motion for sanctions and injunctive relief.  His motion for an extension of time is now moot because the extra time he requested expired as of October 16, 2009.

His motion for sanctions and injunctive relief essentially alleges he filed a state application for a writ of habeas corpus on August 21, 2009, challenging his conviction on for possession of a firearm by a felon in case # 10,753 which was tried simultaneously with the present underlying case. Schipull  asserts the writ application was mis-filed, apparently purposefully, as a challenge to his conviction in case #10,468, the underlying case.  Pl. Mot. at 1-3 [#28].  The effect of this, he believes, was to bar him from relief since he had already exhausted his state remedies for case #10,468.  Schipull apparently believes he had not yet exhausted his state remedies for case #10,753.

The Court does not express an opinion on the likelihood of Schipull's success in a state habeas case filed seven years after trial.  However, Schipull's motion is unrelated to the Court's dismissal in this case of his § 2254 application regarding case #10,468.  The mis-filing does not prejudice or affect this case in any way.  Any concerns Schipull has regarding how his state habeas petition for case #10,753 moves forward are not appropriately resolved in the case before this Court.

## Conclusion

This Court finds Petitioner's for federal habeas corpus is time-barred under 28 U.S.C. § 2244(d).

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#25] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Michael D. Schipull's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#2] is DISMISSED as time-barred.

IT IS FURTHER ORDERED that Petitioner's Motions for Extension of Time [#21, #27] are DENIED;

IT IS FINALLY ORDERED that Petitioner's Motion for Injunctive Relief and Sanctions [#28] is DENIED.


SIGNED this the 5th day of November 2009.


_____

SAM SPARKS
UNITED STATES DISTRICT JUDGE